IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Tyler D. Okken and Duane E. Okken,

Plaintiffs,

vs.

Jimmie Carol Davis and Jane Doe Davis, husband and wife, U.S. Xpress Enterprises, Inc., a foreign corporation,

Defendants.

No. CIV 08-1387-PHX-DKD

**ORDER**

Pending before this Court is Defendant U.S. Xpress Enterprises, Inc.'s ("U.S. Xpress") Motion to Dismiss Based on Lack of Jurisdiction and Improper Venue (Doc. # 5). Plaintiff Tyler D. Okken did not reply to U.S. Xpress' Motion to Dismiss, but filed a Motion to Remand (Doc. #11).[1] In the motion, U.S. Xpress alleges that this Court lacks personal jurisdiction over the Defendants because U.S. Xpress is incorporated in Nevada with its principal place of business in Tennessee, its employee Jimmie Carol Davis ("Davis") a citizen of Texas, and the accident in question took place in Riverside County, California (Doc. #5 at 1). The parties

[1]In light of the Court's ruling, it need not address the Motion to Remand. A district court may decide a straightforward issue of personal jurisdiction where the resolution of personal jurisdiction will dispose of the case. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999).

before the Court have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) (Doc. ##8, 9). This Court will dismiss the current action for lack of personal jurisdiction.

**BACKGROUND**

This action arises out of a motor vehicle accident that occurred on March 16, 2006 in Riverside County, California involving Plaintiff Okken and U.S. Xpress employee Davis[2] (Doc. #5). Plaintiff alleges that Davis gave a false report to the California Highway Patrol following the accident and then transmitted the information to Okken's insurance company (*Id.* at 2). He brought suit in Arizona for negligence, intentional infliction of emotional distress, and tortious interference with business relationship against Davis and U.S. Xpress (*Id.*). Defendant U.S. Xpress removed the action from the Maricopa County Superior Court to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1332 (Doc. #1) and filed a Motion to Dismiss Based on Lack of Jurisdiction and Improper Venue (Doc. # 5). Okken failed to respond to the motion, and filed a Motion to Remand (Doc. #11).

**DISCUSSION**

Two factors govern personal jurisdiction under the United States Constitution: (1) minimum contacts with the forum state and (2) the reasonableness of exercising jurisdiction over the defendant. *Cohen v. Barnard, Vogler & Co.*, 13 P.3d 758, 760 (App. 2000). The Plaintiff has the burden to prove either general or specific jurisdiction of the defendant and must only make a prima facie showing to survive dismissal. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995).

<u>General Jurisdiction</u>

"General jurisdiction exists if the nonresident's contacts with the forum are continuous and systematic, and the exercise of jurisdiction satisfies 'traditional notions of fair play and substantial justice.'" *Cohen*, 13 P.3d at 760 (citation omitted). Okken failed to reply to the

---

[2]Although Jimmie Carol Davis and Jane Doe Davis are named as Defendants, they remain unserved.

Motion to Dismiss (Doc. #10). Thus, he failed to make a prima facie showing of this Court's jurisdiction over U.S. Xpress (*Id.*). In addition, Okken does not allege that U.S. Xpress has *any* contacts with the state of Arizona (Doc. #1, Exh 1 at 1-2). Okken contends that Defendant U.S. Xpress is a foreign corporation, Davis is a resident of Texas, and that "[d]efendants have caused events to occur in Maricopa County, Arizona and in the State of California," (*Id.*), but it is unclear to what Arizona events Okken is referring, given that the motor vehicle accident occurred in California. This Court concludes that Defendant U.S. Xpress does not have minimum, let alone continuous and systematic, contacts with the forum state sufficient to establish general jurisdiction in Arizona.

<u>Specific Jurisdiction</u>

Defendant U.S. Xpress must have "purposely created contacts" in the forum state or purposely directed activities to forum state residents to meet the requirement for specific jurisdiction. *Cohen.* Again, because Okken did not reply to U.S. Xpress' Motion to Dismiss and did not establish personal jurisdiction in the Complaint, he has not made a prima facie showing of U.S. Xpress purposely creating contacts or conducting *any* activities directed to Arizona residents. While U.S. Xpress states that the company may have had unrelated business contacts with Arizona (Doc. #5 at 5), the contacts occurred in the past, and "random, fortuitous or attenuated contacts" are not sufficient for specific jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). The Court concludes that U.S. Xpress has not purposely availed itself in Arizona, and it is unreasonable to exercise jurisdiction over this defendant.

<u>Failure to Respond to Motion to Dismiss</u>

Lastly, pursuant to LRCiv 7.2(i), if "counsel does not serve and file the required answering memoranda," then "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Not only did Okken fail to meet his burden of proof to demonstrate personal jurisdiction over Defendant U.S. Xpress, he also consented to the granting of Defendant U.S. Xpress' Motion to Dismiss (Doc. #5) by failing to respond to the motion.

**IT IS THEREFORE ORDERED** that Defendant U.S. Xpress' Motion to Dismiss is **GRANTED** (Doc. #5).

DATED this 25th day of March, 2009.

David K. Duncan
United States Magistrate Judge